# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA C. CUELLAR, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. CV 19-00880-JEM <br><br> MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On February 5, 2019, Silvia C. Cuellar ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on May 23, 2019. (Dkt. 14.) On October 28, 2019, the parties filed a Joint Stipulation ("JS"). (Dkt. 18.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 55 year-old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on October 22, 2013, alleging disability beginning June 15, 2009. (AR 104.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 15, 2009, the alleged onset date. (AR 24, 106.)

Plaintiff's claims were denied initially on February 25, 2014. (AR 104.) Plaintiff filed a timely request for hearing, which was held on March 23, 2015, before Administrative Law Judge ("ALJ") Gail Reich in West Los Angeles, California. (AR 104.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 104.) Medical experts ("ME") Thomas J. Maxwell, M.D., David Peterson, Ph.D., and vocational expert ("VE") Carmen Roman also appeared and testified at the hearing. (AR 104.)

The ALJ issued an unfavorable decision on April 28, 2015. (AR 104-112.) Plaintiff asked the Appeals Council to review this decision and on November 9, 2016, the Appeals Council vacated the hearing decision and remanded this case to an Administrative Law Judge. (AR 119-121.) Subsequently, Plaintiff appeared and testified at a hearing held on October 25, 2017, before ALJ Gail Reich in West Los Angeles, California.[1] (AR 21.) Also appearing and testifying at the hearing were ME Kweli J. Amusa, M.D., and VE Christopher C. Salvo. (AR 21.) Plaintiff was represented by counsel. (AR 21.)

The ALJ issued an unfavorable decision on January 19, 2018. (AR 21-31.) The Appeals Council denied review on December 7, 2018. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered Cuellar's testimony.

---

[1] Plaintiff appeared with the help of a Spanish interpreter (who appeared by phone), but Plaintiff admitted she can speak and understand English, and she did not need the interpreter. (AR 21.)

2

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging

in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since June 15, 2009, the alleged onset date. (AR 24, 106.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairment: degenerative disc disease of the lumbar spine with radiculopathy. (AR 24.) In the prior decision dated April 28, 2015, the ALJ determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease of the lumbosacral spine, degenerative joint disease of the lumbosacral spine, hyperlipidemia, obesity, benign central tremor, and a history of trigger finger involving the left third digit. (AR 106-107.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 24, 107.)

The ALJ then found that Plaintiff has the RFC to perform at a reduced level: light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b), with the following limitations:

Claimant can lift up to 20 pounds occasionally and 10 pounds frequently;

Claimant can stand and/or walk up to 6 hours in an 8-hour workday, and can sit up to 6 hours in an 8-hour workday, with the following additional restrictions:

Claimant is limited to occasional performance of postural activities, and frequent operation of foot controls.

(AR 25-28.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record. (AR 25-26.)

At step four, the ALJ found that Plaintiff is able to perform past relevant work as a fast food short order cook. (AR 28-30.) The ALJ also found at step five that, considering Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of small products assembler, production assembler, and electrical assembler. (AR 29-30.)

Consequently, the ALJ found that Claimant is not disabled within the meaning of the Social Security Act. (AR 30-31.)

## DISCUSSION

The ALJ decision should be affirmed. The ALJ properly discounted Plaintiff's subjective symptom allegations. The ALJ's RFC is supported by substantial evidence.

**I. THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S SUBJECTIVE SYMPTOM ALLEGATIONS**

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom allegations. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the

claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.    Analysis**

Plaintiff alleges she cannot work because of back pain and difficulty walking. (AR 25.) The ALJ did find that Plaintiff has the medically determinable severe impairment of degenerative disc disease of the lumbar spine with radiculopathy. (AR 24.) Notwithstanding this impairment, the ALJ assessed Plaintiff with a reduced range of light work RFC (AR 28) and thus determined that Plaintiff was not disabled from June 15, 2009, through the date of decision on January 19, 2018. (AR 30-31.)

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable severe impairment of degenerative disc disease of the lumbar spine reasonably could be expected to cause her alleged symptoms. (AR 25.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms are not consistent with the medical evidence and other evidence of record. (AR 25-26.) Because was there was no finding of malingering, the ALJ was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

1.    Medical Evidence

The ALJ found that Plaintiff's subjective symptom allegations were not consistent with the medical evidence of record. (AR 25-26.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's subjective symptom allegations. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).

MRIs and X-rays in the medical treatment records confirm Plaintiff's lumbar spine degenerative disc disease and history of back pain. (AR 26.) The medical records also

indicated that she has been ambulating without assistance. (AR 26.) In 2014, consulting internist Dr. Marvin Perer reported that Plaintiff's gait was normal and she did not require an assistive device to ambulate across the room. (AR 27, 513.) In March 2015, Dr. Thomas Maxwell assessed Plaintiff with a reduced range of light work RFC. (AR 28.) In August 2017, Dr. Azizollah Karamlou also assessed a reduced range of light work RFC, noting that Plaintiff does not need a cane to ambulate. (AR 28, 827, 876-881.) The ALJ gave greatest weight to the October 2017 hearing testimony of Dr. Kwelli Amusa who also assessed Plaintiff with a reduced range of light work RFC. (AR 26, 28, 50-51.)

Plaintiff does not challenge or even discuss the medical evidence. There does not appear to be any contrary medical opinion evidence suggesting a more restrictive RFC. Plaintiff does not even acknowledge that inconsistency of subjective symptoms with the medical evidence is a reason for discounting those symptoms.

### 2. Conservative Treatment

The ALJ also found that Plaintiff's subjective symptom allegations were undermined because she received conservative treatment and reported improvement from it. (AR 26.) An ALJ may consider conservative treatment in evaluating subjective symptom allegations. Tommasetti, 533 F.3d at 1039.

The Court already has noted Plaintiff ambulates without an assistive device. She also was reported not taking or wanting any pain medications or injections. (AR 26, 603, 611, 622, 585, 852, 854, 859.) In January 2015, Plaintiff started physical therapy, which the ALJ observed was generally effective in addressing her symptoms. (AR 26-27, 585, 611, 849, 852.) She eventually made excellent progress and she reported physical therapy was "very helpful." (AR 27, 585, 611.) In June 2015, Plaintiff stated she had less pain in the right lower extremity since participating in physical therapy. (AR 27.) In September 2017, she had excellent improvement of her low back pain and reported minimal low back pain. (AR 27.) Plaintiff does not dispute that physical therapy is conservative treatment. See Tommasetti, 533 F.3d at 1039-40.

Plaintiff challenges the ALJ's finding of conservative treatment, noting that she underwent four epidural injections. The Commissioner does not dispute that epidurals are not "conservative" treatment. See Garrison v. Colvin, 759 F.3d 995, 1015 n.20 (9th Cir. 2014) ("[W]e doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment."); see also Arthur C. v Saul, 2019 WL 5420445, at *4 (C.D. Cal. Oct. 23, 2019) (listing cases). The Commissioner, however, notes that the four epidurals were administered during a three month period from October 2016 to December 2016. (AR 870-873.) Until that time, Plaintiff received conservative treatment: physical therapy. (AR 866, 874.) After that time, Plaintiff again was treated conservatively with pain medication. (AR 869 ("The patient is to continue with conservative management and continue with pain medication as needed.").) No other intervention was necessary except continuation with pain management. (AR 865.) The ALJ's evaluation of the evidence was reasonable.

Plaintiff disagrees with the ALJ's evaluation of the evidence, but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

The ALJ's reliance on conservative treatment as a reason to discount Plaintiff's subjective symptom allegations is supported by substantial evidence.

3. <u>Failure To Seek Treatment Or Follow Prescribed Course Of Treatment</u>

The ALJ found that Plaintiff turned down injections and pain medications. (AR 26.) An ALJ may consider unexplained or inadequately explained failure to seek treatment or follow a treatment regimen. Tommasetti, 533 F.3d at 1039.

Here, the ALJ found that Plaintiff sought "inconsistent" treatment, noting that she sought no treatment from June 2012 to February 2014, a period of 20 months. (AR 26.) The ALJ also

observed that Plaintiff's treatment records show she reported not taking pain medications and rejected injections and pain medications. (AR 26, 585, 603, 611, 622, 852, 854, 855, 859.)

Plaintiff disagrees with the ALJ's interpretation of the evidence, but again it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews, 53 F.3d at 1039. Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857; Thomas, 278 F.3d at 954 ("Where the evidence is susceptible to more than rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

### 4. Inconsistent Daily Activities

The ALJ also found that Plaintiff reported substantial activities of daily living inconsistent with disability. (AR 25, 26, 27.) Inconsistent daily activities is a legitimate consideration in evaluating subjective symptom allegations. Bunnell, 947 F.2d at 345-46.

Here, Plaintiff cleans, takes the bus to therapy, walks several blocks, makes dinner, washes dishes, does laundry, washes windows, goes grocery shopping, and lives with her ex-husband in exchange for housework, laundry, and cleaning. (AR 25.) She also reported dancing. (AR 27.) The ALJ found these activities inconsistent with Plaintiff's allegations that she could only lift five pounds and walk half a block before resting. (AR 25.)

Plaintiff argues that these activities do not mean she can work a full time job, but the inconsistent daily activities prove that her alleged symptoms are not as severe as claimed. See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009).

\* \* \*

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence.

\* \* \*

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 13, 2020

/s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE